SAFE COLLATERAL CORPORATION, Plaintiff, *v.* YONKERS HOME LIQUIDATORS, INC., and Others, Defendants.

Supreme Court, Westchester County, December 30, 1937.

*Leon P. Falk*, for the plaintiff.

*Kadel, Van Kirk & Trencher*, for the defendant Melrose Bond and Mortgage Corporation.

PATTERSON, J. The only question arising upon plaintiff's motion for summary judgment and on defendant's cross-motion for summary judgment is one of law, namely, did plaintiff have the right to accelerate the maturity date of its tax lien and thereupon to bring an action to foreclose it?

Plaintiff's assignor acquired the tax lien from the controller of the city of Yonkers on May 12, 1936.

Section 6 of article 5-A of chapter 452 of the Laws of 1908, as added by section 15 of chapter 725 of the Laws of 1917, provides in part: " If default shall be made in the payment of any tax or assessment upon lands and tenements affected by the transfer of tax lien, which became due and payable after the day of the date mentioned in the advertisement of the sale of the tax lien as stated therein and such latter default shall continue for a period of six months after the delivery of the transfer of tax lien and after such tax or assessment became a lien, then and in either such case, at the option of the holder of the transfer of tax lien, the aggregate amount thereof shall become due and payable."

. It appears to me that such statute should reasonably be interpreted as meaning that a six-month default is necessary to give the owner of a prior tax lien the right to elect to accelerate the maturity date thereof and that it does not mean, as plaintiff argues, that any default, however short in its duration, may be made the basis of such an election merely because it may happen to occur six months after the tax becomes a lien. No default in the payment of a tax can exist until the tax becomes due and payable. It appears that the 1937 taxes, due the city of Yonkers, became a lien upon confirmation of the tax roll on February 1, 1937, and that no portion thereof is required to be paid until thirty days thereafter, which would be in March, 1937.

Under this interpretation of the statute, therefore, no default could have continued to exist for six months' time, computed back from August 11, 1937, the date of the commencement of the action.

But, even if we assume the contrary interpretation of the statute, namely, that any default, however short, which might exist six months after the tax had become a lien, would give the holder of a prior tax lien the right to accelerate its due date, then we come to the question as to whether, in fact, there was any existing default in the instant case at the time plaintiff endeavored to exercise its election and commence the action.

The tax became a lien on February 1, 1937. The statute permits it to be paid in four installments, and the city of Yonkers, under said statute, allows said payments to be made on or before four specified dates, in four equal payments, the first of which is thirty days after confirmation of the tax roll and the other three of which on or before the first days of April, July and October, respectively.

In the instant case the first three installments of the 1937 tax had been paid prior to the commencement of the action, in August, 1937. Plaintiff, however, argues that the entire tax became due and payable after confirmation of the tax roll and that the acceptance of installment payments was only a privilege extended by the municipality to the taxpayer. This may be true, but, if the privilege is extended, I do not see how a default can occur within the meaning of the statute. Not only must the tax be due and payable, but there must be a default to confer upon the holder of a tax lien the right to elect. I cannot see how a taxpayer can enjoy the privilege to pay granted to him by the municipality under the statute and yet be considered in default for not paying.

Any other interpretation or application of the statute in this case would be inequitable and would place an unfair burden upon those taxpayers against whom prior tax liens had been acquired of paying their taxes earlier than their more fortunate brethren.

The defendant's cross-motion for judgment dismissing the complaint and for summary judgment in favor of the defendant Melrose Bond and Mortgage Corporation is, therefore, granted.